THE LAW OFFICES OF
# ANDREW J. FRISCH

40 FULTON STREET
23RD FLOOR
NEW YORK, NEW YORK 10038

(212) 285-8000
FAX: (646) 304-0352

WWW.ANDREWFRISCH.COM

September 22, 2013

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Daniel Bonventre
                <u>Criminal Docket No. 10-228 (LTS)</u>

Dear Judge Swain:

        On behalf of Daniel Bonventre, I write in brief reply to the government's supplemental memorandum of law regarding expert witness disclosures, filed by the government on September 19, 2013.

        On September 19, 2013, when I submitted Mr. Bonventre's reply to the government's memorandum in opposition filed on September 12, 2013, I was unaware of the government's supplemental expert disclosures about Ms. Schnneider. I regret this oversight. Nonetheless, Mr. Bonventre maintains his motion to preclude Ms. Schneider's testimony. The government's supplemental disclosure identifies three specific transactions or categories of transactions about which Ms. Schneider will testify: (1) a 2006 transaction involving $100 million worth of bonds used as collateral for a $95 million loan; (2) a separate 2006 transaction involving $54 million worth of bonds used as collateral for a $50 million loan; and (3) testimony "regarding FOCUS reports filed by Madoff Securities . . . that . . . improperly reflected the assets and liabilities of Madoff Securities." The government's supplemental disclosure is inadequate for the following three reasons.

        <u>First</u>, regarding the first two of the above-noted specific subject matters of Ms. Schneider's testimony, the Court required disclosure of expert notice on August 23, 2013, with the defense required to provide reciprocal expert notice thirty days later. As the Court said at the conference on August 9, 2013, "[T]he defendants certainly have 30 days after the government makes its [expert] disclosures to make their own disclosures." Transcript of August 9, 2013 Conference at 34-35. Thirty days from the government's September 12, 2013 supplemental disclosure is October 12, 2013, after the trial is scheduled to have begun. If the Court permits the

defense to submit its expert disclosure on these specific transactions on or after October 12, 2013, but does not commence trial until October 15, 2013, Mr. Bonventre does not object to the supplemental notice as regards the two transactions which the government has now specified. Indeed, when Mr. Bonventre agreed to withdraw his motion to preclude the government's tax expert upon the government's agreement to extend his time to provide notice of his tax expert on October 12, 2013, it was premised on the expectation that the Court would grant what the government represented to defense counsel would be its application for a 48-hour delay after jury selection, but before opening statements, meaning that testimony would not begin until October 15, 2013, at the earliest. Thus, Mr. Bonventre presses his motion to preclude these specific areas of Ms. Schneider's testimony unless he is permitted to respond by October 12, 2013, and opening statements begin no earlier than October 15, 2013. Otherwise, the government puts Mr. Bonventre in the impossible position of preparing his expert notice in these areas *at the same time* as being on trial without having sufficient time to analyze the government's position and enable his experts to formulate their positions in these areas.

Second, the third area of the government's notice -- testimony regarding improper entrees in FOCUS reports -- is inadequate for the reasons stated in our initial submission, that is, it does not cite to any particular report or entry therein and provides nothing about Ms. Schneider's opinion, the bases therefor or why and how the reports are inaccurate. Moreover, contrary to the government's claim in its opposition papers, Mr. Bonventre does not seek the level of specificity required in civil cases, but merely seeks that to which he is entitled under Rule 16, that is, "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial . . . [which] *must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications*." Fed. R. Crim. P. 16(a)(1)(G) (emphasis added); *see also United States v. Ferguson*, No. 3:06CR137 (CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) ("[m]erely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions."); *United States v. Mahaffy*, 2007 U.S. Dist. LEXIS 1213739, at *9 (E.D.N.Y. Apr. 24, 2007) (explaining that "[a] court may preclude the testimony as a whole, or any part that it determines was not properly disclosed . . . ."). For the reasons Mr. Bonventre stated in his initial submission, the government has not met the requirements of Rule 16, and its supplemental disclosure does not cure these deficiencies as to the third area about which Ms. Schneider intends to testify.

Third, it is not clear that Ms. Schneider's testimony will be limited to these "certain instances" of impropriety in the Madoff books and records, as indicated in the government's supplemental disclosure. The government prefaced its disclosure of the above-referenced subject matters with the words "[f]or example." Mr. Bonventre is entitled to more than a sampling of broad categories of testimony. Rather, he is entitled to specific opinions and bases therefor as required by the statute that embrace all of the witnesses' expected opinions.

2

Accordingly, Mr. Bonventre requests that Ms. Schneider's testimony be precluded.[1]

Respectfully submitted,

Andrew J. Frisch

cc: All Counsel

---

[1] The government requests that should the court find its expert disclosure as to Ms. Schneider deficient, it be given *yet another* opportunity to provide further supplementation. The government has already been given the opportunity to supplement its disclosure, but failed to adequately do so. Further allowances will only serve to delay the trial and/or prejudice Mr. Bonventre. *See, e.g., United States v. Mahaffy*, 2007 U.S. Dist. LEXIS 1213739, at *9 (explaining that "[f]ailure to comply with deadlines set forth by a court is a separate and independent basis for precluding [expert] testimony.") (internal quotation and citation omitted).

3