UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                   :

UNITED STATES OF AMERICA
                                   :    PRELIMINARY ORDER OF
      -v.-                        FORFEITURE AS TO SPECIFIC
                                   :    PROPERTY/MONEY JUDGMENT
DANIEL BONVENTRE,
                                   :
               Defendant.     S10 10 CR. 228 (LTS)
                                   :
-----------------------------------x

         WHEREAS, on or about July 29, 2013, DANIEL BONVENTRE (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the "Indictment"), with, among other offenses, conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C. § 371 (Count Two); conspiracy to commit accounting fraud and defraud banks, in violation of 18 U.S.C. § 371 (Count Three); conspiracy to commit tax fraud, in violation of 18 U.S.C. § 371 (Count Four); three counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six through Eight); three counts of falsifying records of a broker dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine through Eleven); three counts of falsifying records of an investment adviser in violation of 15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C.

§ 2 (Counts Twelve through Fourteen); false filing with the SEC, in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. § 240.17a-5, and 18 U.S.C. § 2 (Count Fifteen); bank fraud in violation of 18 U.S.C. §§ 1344 and 2 (Count Eighteen); four counts of subscribing to false U.S. individual income tax returns in violation of 26 U.S.C. § 7206(1) (Counts Twenty through Twenty-Three); and obstructing and impeding the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count Twenty-Four);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One through Three and Six through Eleven of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982, of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Three and Eighteen of the Indictment, and all property traceable to such property, including but not limited to a sum of money representing

2

the amount of proceeds obtained as a result of the said offenses, to wit, approximately $487 million, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One through Four, Six through Eleven, Fifteen, Eighteen, Twenty through Twenty-Three, and Twenty-Four of the Indictment;

WHEREAS, the Court finds that the United States is entitled to the entry of a money judgment in the amount of $161,970,388,208 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, and Six through Eleven of the Indictment pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and a money judgment in the amount of $487,000,000 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Three and Eighteen pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One through Three, Six through Eleven, and Eighteen of the Indictment;

IT IS HEREBY ORDERED THAT:

1.   As a result of the offenses charged in Counts One and Two and Six through Eleven of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $161,970,388,208 in United States currency (the "First Money Judgment") shall be entered against the defendant, for which he shall be jointly and severally liable as to any forfeiture money judgment entered against his codefendants in this case, ANNETTE BONGIORNO, JOANN CRUPI a/k/a "Jodi," JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2.   As a result of the offenses charged in Counts Three and Eighteen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $487,000,000 (the "Second Money Judgment") shall be entered against the defendant.

3.   As a result of the offenses charged in Counts One through Three, Six through Eleven, and Eighteen of the Indictment, all of the defendant's right, title and interest in the Specific

4

Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

      4.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, DANIEL BONVENTRE, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

      5.   Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

      6.   Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment.  Any person, other than the defendant in this case,

claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8.   Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.   If

finally forfeited to the United States, the Specific Property shall be applied in partial satisfaction of the Money Judgments.

10. All payments on the outstanding Money Judgments shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

11. Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including

7

depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

       14.   The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

SO ORDERED:


_____          _____
HONORABLE LAURA TAYLOR SWAIN                     DATE
UNITED STATES DISTRICT JUDGE

8

**SCHEDULE A**

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

    a. UP TO AT LEAST $223,975 HELD ON DEPOSIT AT CITIBANK, N.A. ACCOUNT NO. 9982584826, IN THE NAME OF BARBARA G. BONVENTRE (the "Bonventre Citibank Account");

    b. ALL FUNDS AND OTHER PROPERTY HELD IN CHASE INVESTMENT ACCOUNT NO. CM7 304867, IN THE NAME OF DANIEL AND BARBARA BONVENTRE (the "BONVENTRE Chase Investment Account");

    c. ALL FUNDS AND OTHER PROPERTY HELD IN JPMORGAN CHASE ACCOUNT NO. 936 0003166746 2, in the name of DANIEL BONVENTRE, Minor, Barbara Bonventre, Custodian Under UTMA (the "Bonventre Chase UTMA Account");

    d. ALL FUNDS AND OTHER PROPERTY HELD IN FIDELITY INVESTMENTS / FMR LLC ACCOUNT NO. Z72 715786, IN THE NAME OF DANIEL AND BARBARA BONVENTRE (the "BONVENTRE Fidelity Account");

    e. ANY AND ALL FUNDS HELD ON ACCOUNT FOR DANIEL BONVENTRE IN ANDREW J. FRISCH ATTORNEY TRUST IOLA ACCOUNT NO. 9943361400 AT CITIBANK, N.A. EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Frisch IOLA Account Funds");

    f. ANY AND ALL FUNDS HELD ON ACCOUNT FOR DANIEL BONVENTRE BY CAPSTONE ADVISORY GROUP LLC,104 WEST 40th STREET, 16th FLOOR, NEW YORK, NY 10018 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Capstone Funds");

    g. ALL RIGHT, TITLE AND INTEREST IN NATIONAL INTEGRITY LIFE INSURANCE COMPANY IRA CONTRACT NOS. 1100092154, IN THE NAME OF DANIEL BONVENTRE, AND 1100092160, IN THE NAME OF BARBARA BONVENTRE (the "BONVENTRE National Integrity Retirement Accounts");

    h. ALL RIGHT, TITLE AND INTEREST IN PIONEER INVESTMENTS ACCOUNT NOS. 06204778379, IN THE NAME OF PIM ROLLOVER IRA CUST TRUST FOR DANIEL  BONVENTRE, AND 06204778388, IN THE

A-1

NAME OF PIM ROLLOVER IRA CUST TRUST FOR BARBARA BONVENTRE (the "BONVENTRE Pioneer Retirement Accounts");

i. ALL RIGHT, TITLE AND INTEREST IN MFS INVESTMENT MANAGEMENT ACCOUNT NOS. 0013 08186857582, IN THE NAME OF MFS HERITAGE TRUST CO TRUSTEE IRA R/O DANIEL BONVENTRE, AND 0013 08186857586, IN THE NAME OF MFS HERITAGE TRUST CO TRUSTEE IRA R/O BARBARA BONVENTRE (the "BONVENTRE MFS Retirement Accounts");

j. ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 16 EDGEWATER TERRACE, MANTOLOKING, NEW JERSEY 08738 (the "BONVENTRE Edgewater Property");

k. ALL RIGHT, TITLE AND INTEREST IN ANY AND ALL SHARES OF CAPITAL STOCK OF 79TH STREET EAST OWNERS INC. HELD IN THE NAMES OF DANIEL R. BONVENTRE AND BARBARA G. BONVENTRE AND IN THE PROPRIETARY LEASE BETWEEN DANIEL R. BONVENTRE AND BARBARA G. BONVENTRE AND 79TH STREET EAST OWNERS INC. FOR UNIT 17G AND 17H IN THE BUILDING KNOWN AS 505 EAST 79TH STREET, NEW YORK, NEW YORK 10021, TOGETHER WITH ALL CONTRACT RIGHTS, FIXTURES AND APPURTENANCES ATTACHED TO, PLACED UPON, OR USED IN ANY WAY IN CONNECTION WITH SUCH PROPERTY (the "BONVENTRE 79th Street Coop");

and all property traceable thereto.

A-2