```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA            :
                                    :   PRELIMINARY ORDER
          -v.-                      :   OF FORFEITURE AS TO SPECIFIC
                                    :   PROPERTY/MONEY JUDGMENT
ANNETTE BONGIORNO,                  :
                                    :
               Defendant.           :   S10 10 CR. 228 (LTS)
                                    :
------------------------------------x
```

WHEREAS, on or about July 29, 2013, ANNETTE BONGIORNO (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS)(the "Indictment"), with conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Count Six); falsifying records of a broker dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Count Nine); falsifying records of an investment adviser in violation of 15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Count Twelve); five counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Twenty-Five through Twenty Nine); and obstructing and impeding the Due Administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a)(Count Thirty);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Six and Nine of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Six, Nine, Twelve and Twenty Five through Thirty of the Indictment;

WHEREAS, the Court finds that the United States is entitled to the entry of a money judgment in the amount of $161,970,388,208 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Six, and Nine of the Indictment pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One, Six, and Nine of the Indictment;

IT IS HEREBY ORDERED THAT:

1. As a result of committing the offenses charged in Counts One, Six, and Nine of the Indictment, of which the defendant

was found guilty following a jury trial, a money judgment in the amount of $161,970,388,208 in United States currency (the "Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, JOANN CRUPI a/k/a "Jodi," JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

   2.   As a result of committing the offenses charged in Counts One, Six and Nine of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

   3.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, ANNETTE BONGIORNO, and shall

be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.   Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure, custody and control.

5.   Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment.  Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent

of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed. If finally forfeited to the United States, the Specific Property and the Civil Forfeiture Property shall be applied in partial satisfaction of the Money Judgment.

9. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

10.  Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

SO ORDERED:

_____     _____
HONORABLE LAURA TAYLOR SWAIN                      DATE
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a) ALL FUNDS ON DEPOSIT IN ACCOUNT NOS. 94660869, 9948199297, 80007487, 9115606297, 9116151903, AND 9931127481 IN THE NAMES OF ANNETTE BONGIORNO AND/OR RUDY BONGIORNO AT CITIBANK, N.A. (the "BONGIORNO Citibank Accounts");

b) ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN ACCOUNT NOS. 50C24673 AND 10M02603 IN THE NAMES OF ANNETTE BONGIORNO AND RUDY BONGIORNO AT MORGAN STANLEY SMITH BARNEY (the "BONGIORNO Smith Barney Accounts");

c) ALL FUNDS AND OTHER PROPERTY HELD IN IRA ACCOUNT NO. 59896773, BROKERAGE ACCOUNT NO. 63172236; AND SAVINGS ACCOUNT NO. 202 437 6648 IN THE NAME OF RUDY BONGIORNO AT E*TRADE FINANCIAL CORP. (the "BONGIORNO E*Trade Accounts");

d) APPROXIMATELY $175,701.38 FORMERLY ON DEPOSIT IN ACCOUNT NOS. 7923290063 AND 7927832373 IN THE NAME OF ANNETTE BONGIORNO AT TDBANK, N.A. (the "BONGIORNO TDBank Accounts");

e) APPROXIMATELY $11,740.29 FORMERLY ON DEPOSIT IN UTMA ACCOUNT NOS. 109357067, 8919650948, AND 109282913 AT TDBANK, IN THE NAME OF JOHN D'ALLESANDRO, UTTMA, ANNETTE BONGIORNO AS CUSTODIAN (the "BONGIORNO TDBank UTMA Accounts");

f) ALL FUNDS AND OTHER PROPERTY HELD ON DEPOSIT IN ACCOUNT NOS. 795710250 AND 2912426000, IN THE NAME OF ANNETTE BONGIORNO, AND ACCOUNT NOS. 805221058 AND 2917246932, IN THE NAME OF RUDY J. BONGIORNO AND ANNETTE BONGIORNO, AT JPMORGAN CHASE & CO. BANK (the "BONGIORNO JPMorgan Chase Accounts");

g) ALL FUNDS AND OTHER PROPERTY HELD ON DEPOSIT IN ACCOUNT NOS. 43010030641 AND 43010030658 AT NEW YORK COMMUNITY BANK/ROSLYN SAVINGS BANK, IN THE NAME OF BONGIORNO AND RUDY BONGIORNO (the "BONGIORNO New York

    Community Bank Accounts");

h) ALL FUNDS HELD ON DEPOSIT IN ACCOUNT NO. 8310856078 AT ASTORIA FEDERAL SAVINGS AND LOAN, IN THE NAME OF ANNETTE BONGIORNO (the "BONGIORNO Astoria Federal Account");

i) ALL FUNDS HELD ON DEPOSIT IN ACCOUNT NOS. 1505040947 AND 1500003111 AT DIME SAVINGS BANK, IN THE NAME OF ANNETTE BONGIORNO (the "BONGIORNO Dime Savings Bank Accounts");

j) APPROXIMATELY $951,267.90 FORMERLY HELD IN FIDELITY INVESTMENTS / FMR LLC ROLLOVER IRA ACCOUNT NO. 142 991465 IN THE NAME OF ANNETTE BONGIORNO; ACCOUNT NO. Z70 691860 IN THE NAME OF ANNETTE BONGIORNO; AND BROKERAGE ACCOUNT NO. X45 301264 IN THE NAME OF ANNETTE AND RUDY BONGIORNO (the "BONGIORNO Fidelity Accounts");

k) CERTIFICATE OF DEPOSIT NO. 0630304007 HELD AT APPLE BANK FOR SAVINGS, IN THE NAME OF ANNETTE BONGIORNO AND/OR RUDY BONGIORNO (the "BONGIORNO Apple Bank CD");

l) ALL FUNDS HELD ON ACCOUNT FOR ANNETTE BONGIORNO BY SERCARZ & RIOPELLE, LLP, 152 W. 57th STREET, SUITE 24C, NEW YORK, NY 10019 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Sercarz & Riopelle Funds");

m) ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 5854 WINDSOR COURT, BOCA RATON, PALM BEACH COUNTY, FLORIDA 33496 2763, FURTHER DESCRIBED AS LOT 15, PLAT OF ST. JAMES PARK, PART OF WOODFIELD COUNTRY CLUB P.U.D., ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 66, PAGE 69, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA, AND KNOWN AND DESIGNATED ON THE PALM BEACH COUNTY TAX ROLL AS PARCEL I.D. 06 42 47 04 08 000 0150 (the "BONGIORNO Boca Raton Property");

n) ALL RIGHT, TITLE AND INTEREST IN THE REAL PROPERTY AND APPURTENANCES KNOWN AS 78 STONE HILL DRIVE EAST, MANHASSET, NASSAU COUNTY, NEW YORK 11030 4440, LYING

        AND BEING IN THE VILLAGE OF NORTH HILLS, TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, NEW YORK, AND KNOWN AND DESIGNATED AS SECTION 3, BLOCK 239, LOT 3, ON THE NASSAU COUNTY TAX MAP (the "BONGIORNO Manhasset Property");

o) ONE 2005 BENTLEY CONTINENTAL, VIN SCBCR63W15C025200 (the "BONGIORNO 2005 Bentley");

p) ONE 2007 MERCEDES BENZ ML63, VIN 4JGBB77E27A183561 (the "BONGIORNO Mercedes ML63");

q) ONE 2007 MERCEDES BENZ E550 SEDAN, VIN WDBUF72X77B077335 (the "BONGIORNO Mercedes E550");

r) APPROXIMATELY $1.3 MILLION FORMERLY HELD ON DEPOSIT IN CHICAGO TITLE INSURANCE CO. CUSTODIAL ESCROW DEPOSIT ACCOUNT 12330 22482 AT BANK OF AMERICA, N.A., ACCOUNT No. 510000859, ON ACCOUNT FOR ANNETTE BONGIORNO AND/OR RUDY BONGIORNO, REF No. 300697902 001, UNIT 607 (the "BONGIORNO Chicago Title Escrow Funds");

s) PROCEEDS OF HSBC OFFICIAL CHECK NO. 100097767 IN THE AMOUNT OF $505,023.49 DATED JULY 17, 2009, ANNETTE BONGIORNO, PAYEE AND REMITTER (the "BONGIORNO HSBC Check");

t) ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN TD AMERITRADE ACCOUNT NUMBER 757-337160 HELD IN THE NAME OF ANNETTE BONGIORNO (the "TD Ameritrade Funds");

u) ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN ACCOUNT NUMBER C491936641 IN THE NAME OF ANNETTE BONGIORNO AT CITIBANK, N.A., FORMERLY PERSHING BANK (the "Pershing Assets");

v) ALL FUNDS AND OTHER PROPERTY HELD IN ACCOUNT NUMBER CMA-EDGE 42X-19579 HELD BY MERRILL EDGE (the "Merrill Edge Assets");

w) ALL FUNDS AND OTHER PROPERTY HELD IN ACCOUNT NUMBER F9R276351 AT SUN TRUST BANK, HELD IN THE NAME RUDY BONGIORNO (the "Sun Trust Assets");

x) ALL OWNERSHIP AND EQUITY INTEREST IN CASTLE ARCH REAL ESTATE INVESTMENT CO. HELD IN THE NAME OF ANNETTE OR RUDY BONGIORNO (the "Castle Arch Interest");

y) ALL OWNERSHIP AND EQUITY INTEREST IN AQUA GENUS, LLC HELD IN THE NAME OF RUDY BONGIORNO (the "Aqua Genus, LLC Interest");

z) ALL FUNDS OR VALUE IN METROPOLITAN LIFE INSURANCE POLICY NUMBER 880667460 HELD IN THE NAME OF ANNETTE BONGIORNO (the "Metropolitan Life Insurance Policy");

aa) ALL ITEMS OF JEWELRY IN SAFE DEPOSIT BOX NUMBER 5098 LOCATED AT ROSLYN SAVINGS BANK, 1400 OLD NORTHERN BOULEVARD, ROSLYN, NY, HELD IN THE NAME OF ANNETTE AND RUDY BONGIORNO (the "Roslyn Savings Bank Jewelry");

bb) ALL ITEMS OF JEWELRY HELD IN A SAFE DEPOSIT BOX AT TD BANK, 540 JERICHO TURNPIKE, MINEOLA, NY, IN THE NAME OF ANNETTE OR RUDY BONGIORNO (the "TD Bank Jewelry");

cc) ONE LADIES' ROLEX WATCH AND ONE TANK AMERICAINE CARTIER LADIES' WATCH IN THE POSSESSION OF ANNETTE BONGIORNO AND THREE MENS' ROLEX WATCHES AND TWO BRIETLING WATCHES IN THE POSSESSION OF RUDY BONGIORNO (the "Watches");

and all property traceable thereto.