UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                                       No. 10-CR-228-LTS

DANIEL BONVENTRE,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Daniel Bonventre's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which was amended by Congress as part of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. (Docket Entry No. 1536.) On December 8, 2014, Defendant was sentenced principally to 120 months of imprisonment, to be followed by a two-year supervised release term. Defendant has now been incarcerated for 61 months and is due to be released on September 10, 2023. Defendant is currently in custody at FCI Schuylkill. Defendant seeks immediate release to supervised release or, in the alternative, immediate release to home confinement. (Docket Entry No. 1536 at 6-7.) The Government opposes Defendant's motion. (Docket Entry No. 1540.) The Court has reviewed the parties' submissions[1] carefully and, for the following reasons, Defendant's motion is denied.

---

[1] On April 7, 2020, Mr. Bonventre filed a reply in support of his motion. (Docket Entry No. 1541.) In his reply, Mr. Bonventre informed the Court that had been "told by FCI Schuylkill's satellite camp that he [was] on a list of about ten inmates identified for release to home confinement." (Docket Entry No. 1541 at 1.) The Court then directed the Government "to contact the Bureau of Prisons concerning the date of Mr. Bonventre's anticipated release and file a status report." (Docket Entry No. 1542.) On April 9, 2020, the Government reported that "the Warden of FCI Schuylkill ultimately decided not to release Bonventre to home confinement at this time." (Docket Entry No. 1543.) Mr. Bonventre promptly responded by letter, requesting the Court to "order his immediate release." (Docket Entry No. 1544.)

Mr. Bonventre seeks an order directing compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-135). Mr. Bonventre has not exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, nor have 30 days lapsed since the receipt by the Warden of the facility at which he is confined of a compassionate release request by Mr. Bonventre on the grounds now argued to the Court. While Mr. Bonventre submitted a letter seeking relief pursuant to 18 U.S.C. § 3582(c)(1)(A) to the Warden of FCI Schuykill on November 18, 2019, the grounds upon which Mr. Bonventre moves before this Court differ materially from those advanced in his November letter. In November 2019, Defendant asked to be "released to home confinement immediately or as of December 23, 2019," citing "an Act of Congress" (the enactment of the First Step Act) and "the recommendation of a Judge" (the Court's recommendation to the BOP at the time of Mr. Bonventre's original sentencing that the defendant be designated to serve the final 12 months of his sentence in home confinement) as the "extraordinary and compelling reasons" that warranted a reduction of his sentence. (Docket Entry No. 1536, Ex. A.) Defendant's current motion seeks immediate release to supervision or home confinement, and cites medical conditions that allegedly make him more vulnerable to the COVID-19 virus, his understanding that he was subject to "imminent" release to home confinement, and the need to care for his ailing wife as

the "extraordinary and compelling reasons" that warrant a reduction of his sentence. Because Defendant has never made a release application to the BOP based on this new set of issues, Defendant has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Defendant contends that the Court may waive the statutory exhaustion requirement, stating that "[t]he Court need not and should not wait for Mr. Bonventre to raise every ground for relief to BOP under § 3582(c)(1)(A)" because "general administrative law principles" allow the Court to excuse his failure to exhaust with the BOP. (Docket Entry No. 1536 at 4.) However, while "[c]ourts do have some flexibility to disregard exhaustion requirements when they are judicially imposed," "statutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced." U.S. v. Roberts, No. 18 Crim. 528 (JMF), ECF No. 296, at 3 (S.D.N.Y. April 8, 2020) (internal quotation marks omitted). Congress included in Section 3582(c)(1)(A) clear and explicit language mandating exhaustion prior to judicial intervention. Therefore, this Court is "not free to infer a general unwritten special circumstances exception" into Section 3582(c)(1)(A). Id. (internal quotation marks omitted). Defendant must first request relief from the BOP.[2]

---

[2] The Second Circuit has not addressed the question of whether the exhaustion requirements of Section 3582(c)(1)(A) can be waived, and courts within the Circuit are divided on the answer. Compare U.S. v. Haney, No. 19 Crim. 541 (JSR), ECF No. 27 (Apr. 13, 2020) (finding 3582(c)(1)(A)'s exhaustion requirement non-jurisdictional and waivable); U.S. v. Perez, No. 17 Crim. 513 (AT), 2020 WL 1546422, *1-3 (S.D.N.Y. Apr. 1, 2020) (finding three exceptions to 3582(c)(1)(A)'s exhaustion requirement based on futility, inability to grant adequate relief, and undue prejudice); U.S. v. Zuckerman, No. 16 Crim. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (same); and U.S. v. Colvin, No. 19 Crim. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (same); with U.S. v. Villanueva, No. 18 Crim. 472 (KPF), ECF No. 85 (S.D.N.Y. Apr. 8, 2020) (concluding that "courts lack the authority to waive the administrative exhaustion requirement stated in § 3582(c)(1)(A)"); and U.S. v. Hernandez, No. 18 Crim. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) (same). Even if the

Mr. Bonventre asserts that, under Bowen v. City of New York, 476 U.S. 467 (1986), the Court should excuse his failure to exhaust his remedies with the BOP in light of the "impending crisis." (Docket Entry No. 1536 at 4-5.) However, Bowen does not demand that result here. While the Court in Bowen did uphold a judicial waiver of the exhaustion requirement set forth in Section 405(g) of the Social Security Act, the nature of the claims involved there differ meaningfully from those involved here. For example, in Bowen, the claims before the federal court "[were] collateral to the claims for benefits that class members had presented administratively." 476 U.S. at 483. The Bowen plaintiffs challenged the procedures used by the agency in administrating their claims. Id. The Bowen plaintiffs also could not properly exhaust their claims because the claims concerned a secretive policy employed by the Social Security Administration; according to the Court, the plaintiffs "could not attack a policy they could not be aware existed." Id. at 482. Thus, the Court concluded, courts should be wary of strictly enforcing an exhaustion requirement in circumstances "where the Government seeks to require claimants to exhaust remedies merely to enable them to receive the procedure they should have been afforded in the first place." Id. at 484. Those are not the circumstances presently before the Court. Defendant does not in any way challenge BOP's administration of

---

Court were permitted to excuse Mr. Bonventre's failure to exhaust under one of the exceptions recognized by other courts in this Circuit, Mr. Bonventre has not proffered a factual basis for the Court to do so. Furthermore, even if Mr. Bonventre's failure to exhaust were excused, he has not demonstrated that "extraordinary and compelling reasons" justify a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A). Mr. Bonventre has raised a legitimate, but not extraordinary, concern that his age and medical conditions put him at a higher risk of contracting and suffering from severe symptoms of COVID-19, if the virus reaches his facility. Nor has Mr. Bonventre shown that his wife is "incapacitated" such that she "cannot carry on any self-care." U.S.S.G. § 1B1.13 Application Note 1; BOP Policy Statement 5050.50, at 10.

the procedures set forth in Section 3582(c).  Instead, he asks this Court to bypass those procedures entirely and rule on the merits of his claim.

Furthermore, the Bowen Court concluded that, under the facts of that case, an equitable exception to the exhaustion requirement was "consistent with Congressional intent." Id. at 479.  Here, Defendant has not proffered any basis for the Court to conclude that Congress intended for a defendant in Mr. Bonventre's position to be permitted to circumvent the statutory exhaustion requirements, even in times of crisis.  It would be equally plausible for Congress to have intended for the exhaustion requirements to remain mandatory during a pandemic such as the one we now face, in order to leave administration of BOP policies to that agency's expertise and to prevent unnecessary added strain on the judiciary, which has been inundated with myriad COVID-19-related applications.  Indeed, the "limited futility-like exception" that permits an inmate to seek relief after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," lends further support to the conclusion that Congress intended that Section 3582(c)'s exhaustion requirements be strictly enforced.  Roberts, ECF No. 296, at 3.

The Bowen Court also excused exhaustion because "the relief afforded by the District Court [was] fully consistent with the policies underlying exhaustion."  476 U.S. at 485. The Court concluded that, "by ordering simply that the claims be reopened at the administrative level, the District Court showed proper respect for the administrative process."  Id.  Here, the relief Mr. Bonventre seeks affords no respect whatsoever for the administrative process.  He does not ask the Court to direct the BOP to reopen his claims (his claims were never opened).  Instead, he asks the Court to bypass the administrative process and decide the merits of a claim that Congress clearly intended should start, in the first instance, with the BOP.  Therefore, the Court

concludes that <u>Bowen</u> does not support Defendant's argument that his failure to exhaust should be excused based on the COVID-19 crisis alone.

For all of these reasons, Defendant's request for compassionate release pursuant to Section 3582(c)(1)(A) is denied.

Defendant also asserts that he is eligible for home confinement pursuant to 34 U.S.C. § 60541(g). (Docket Entry No. 1536 at 2.) However, that statute does not provide for direct application to the Court. Instead, the final determination as to whether relief will be granted under the pilot program established by that statute is made by the Attorney General. <u>See</u> 34 U.S.C. § 60541(g)(1)(B); <u>see also</u> 28 C.F.R. § 0.96. Therefore, the Court will not entertain any application for relief under 34 U.S.C. § 60541(g).

For these reasons, Defendant's motion for compassionate release is denied. Docket Entry No. 1536 is resolved.

SO ORDERED.

Dated: New York, New York
April 14, 2020

                                                                                                   /s/ Laura Taylor Swain
                                                                                                   LAURA TAYLOR SWAIN
                                                                                                   United States District Judge